UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FLORA MANSOURI,

                      Plaintiff,                              **ORDER**
                                                                       CV 09-4491 (DRH)(ARL)

      -against-

MACY'S, INC.,

                      Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter application dated December 22, 2010 requesting a 60-day extension of time to complete discovery and seeking to compel defendant to (i) properly provide discovery responses to Plaintiff's First Set of Interrogatories, (ii) provide responses to Plaintiff's Second Set of Interrogatories, and (iii) to produce someone with knowledge about the condition of defendant's parking lot at issue in 2008 for a deposition. In addition, plaintiff requests that her deposition be held in Nassau County. In response, defendant maintains it has responded to Plaintiff's First Set of Interrogatories, but has not responded to the Second Set as plaintiff has only served the Second Set of Interrogatories on November 29, 2010. Also before the court is defendant's letter application dated December 23, 2010 requesting (i) a 90-day extension of time to complete discovery, (ii) a discovery conference to address certain discovery issues, and seeking to (iii) compel plaintiff to provide certain medical authorizations, including a HIPAA-compliant Medicare authorization to obtain copies of plaintiff's Medicare records and lien information, and (iv) schedule plaintiff's deposition at the courthouse in Central Islip. The court has neither read nor considered plaintiff's reply letters dated December 28, 2010 and January 3, 2011 or defendant's reply letter dated December 30, 2010. *See* Local Civil Rule 37.3(c). The court does not believe that a conference is necessary at this time to rule on the issues set forth in the parties' submissions.

      To the extent that plaintiff maintains that defendant's responses to her First Set of Interrogatories were deficient, the parties are directed to meet and confer in an attempt to resolve this matter. A letter campaing does not satisfy their meet and confer requirement. Plaintiff's application with respect to her Second Set of Interrogatories is denied as premature. Defendant is directed to provide plaintiff with the name of an individual with knowledge about the condition of defendant's parking lot at issue in 2008 for a deposition by January 12, 2011.

      With respect to plaintiff's deposition, by Order dated October 26, 2010, this court directed plaintiff to appear for a deposition during the work week for one full day or during two afternoons beginning at 2:00 p.m. at defense counsel's office. Counsel for the parties were given until November 9, 2010 to determine a date for this deposition. Clearly, the parties did not comply with the court's order. Notwithstanding, and in consideration of plaintiff's personal situation in scheduling her deposition, the court directs counsel for plaintiff and defendant to

meet and confer to determine a mutually convenient date and location for plaintiff's deposition in Nassau County by January 12, 2011.

With respect to medical authorizations, by Order dated October 26, 2010, this court directed plaintiff to provide medical records and/or authorizations to the defendant pursuant to a confidentiality agreement restricting their use to this litigation. To the extent that plaintiff has not complied with this order, she is directed to provide these authorizations by January 12, 2011 or face sanctions including preclusion.

Preferring to have the case decided on the merits, the parties will be given one final opportunity to comply with the court's directives. Accordingly, in order to permit discovery to be completed, the deadline for completion of all discovery is extended to January 31, 2011. Any party planning on making a dispositive motion shall take the first step in the motion practice by February 15, 2011. The final conference scheduled for January 28, 2011 is adjourned to February 28, 2011 at 2:00 p.m.

Dated: Central Islip, New York
        January 5, 2011

**SO ORDERED:**

_____/s_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge